IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 10-cv-1303-JLK

STATE OF COLORADO,

Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, WASTE MANAGEMENT OF COLORADO, INC., AND CHEMICAL WASTE MANAGEMENT, INC., et al.

Defendants.

---

Performing Parties Consent Decree — Colorado Natural Resources Related to Lowry Landfill

---

The State of Colorado (the "State"), through its trustees for natural resources damages ("Trustees"), asserts in this civil action that all named defendants are liable for damages resulting from injuries to natural resources, held in trust by the State, resulting from conditions at the Lowry Landfill Superfund site in Colorado. The State filed the complaint in this matter against the City and County of Denver, Waste Management of Colorado, Inc. ("WMC"), and Chemical Waste Management, Inc. ("CWM") (collectively, "Performing Parties"), and others, under Section 107(a)(4)(C) of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607(a)(4)(C) (2009) (CERCLA).

The Parties (as hereinafter defined) reached a settlement prior to the filing of the State's complaint. This *Consent Decree*, which embodies that settlement, was filed simultaneously with the State's complaint. The Performing Parties have not yet answered the complaint.

The Court finds that the settlement of the State's natural resource damage claims, set forth in this *Consent Decree*, has been negotiated by the Parties in good faith and is entered into without an admission or adjudication of any issues of fact or law. The Court finds that the settlement embodied in this *Consent Decree* will expedite the restoration or replacement of natural resources. The Court also finds that the settlement embodied in this *Consent Decree* is fair, reasonable, consistent with CERCLA, in the public interest, and will avoid prolonged, complicated and expensive litigation.

Therefore, the Court hereby ORDERS, ADJUDGES AND DECREES:

*I. Definitions*

Unless otherwise expressly provided herein, terms used in the Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning there assigned to them. Whenever terms listed below are used in this Consent Decree, the following definitions apply.

1. "2005 Consent Decree" means the Consent Decree for Lowry Landfill filed with the U. S. District Court for the District of Colorado on September 28, 2005 in Civil Action No. 02-cv-1341-EWN-MJW, as it may be amended by the United States Environmental Protection Agency ("EPA"), this Court, or by operation of the ROD being amended, subject to Explanation(s) of Significant Differences, or modified in any way by EPA.

2. "Assessment Costs" means all costs that the State has paid or may pay in the future in connection with the State's assessment of Natural Resource Damages.

3. "Beneficiary" or "Beneficiaries" means a party or parties, including their respective successors-in-interest, being indemnified by WMC and CWM for Natural Resource Damages pursuant to certain confidential settlement agreements. All Beneficiaries have been identified,

2

along with other persons or entities, by EPA, as responsible parties at and are included on a waste-in list for Lowry Landfill, a true and correct copy of which is attached to this *Consent Decree* as Exhibit "A".

4. "CERCLA" means the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601 *et seq.*, as amended.

5. "Colorado Natural Resource" or "Colorado Natural Resources" means land, resident and anadromous and catadromous fish and shellfish, resident and migratory wildlife, biota, air, water, ground water, sediments, wetlands, drinking water supplies, and other resources and supporting ecosystems, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the State.

6. "Generator Consent Decree" means the consent decree that embodies a settlement between the Trustees and 13 generator defendants named by the Trustees in this civil action, and which is being lodged with the Court contemporaneously with this *Consent Decree*.

7. "Lowry Landfill" means the Lowry Landfill Superfund Site, encompassing approximately five hundred eight (508) acres, located in an unincorporated area of Arapahoe County, Colorado, near the intersection of East Hampden Avenue and Gun Club Road, which consists of the western three-quarters of Section 6, Township 5 South, Range 65 West, and extending northward into the extreme southern portion of Section 31, Township 4 South, Range 65 West, as generally depicted on the map attached hereto as Exhibit "B". The street address for Lowry Landfill is 3500 South Gun Club Road, Denver, Colorado.

8. "Natural Resource Damages" means any damages recoverable by the Trustees and the State on behalf of the public for injury to, destruction of, or loss or impairment of Colorado Natural Resources resulting, in whole or in part, from a release of hazardous

3

substances at, on, from or related to Lowry Landfill, including but not limited to past, present, and future: (i) costs of planning restoration activities; (ii) costs of restoration, rehabilitation, or replacement of injured or lost natural resources or of acquisition of equivalent resources; (iii) assessment costs; and (iv) compensation for injury, destruction, loss, impairment, diminution in value, or loss of use of natural resources. "Natural Resource Damages" also includes each of the categories of recoverable damages described in 43 C.F.R. § 11.15.

9. "Parties" means the State and the Performing Parties.

10. "Record of Decision" or "ROD" means the 1994 decision document that presented the remedial action decision for Lowry Landfill, along with subsequent amendments, Explanation(s) of Significant Differences, and any other EPA-endorsed modification.

*II. Background*

In 1964, the Lowry Landfill was created by the federal government's conveyance of portions of the former Lowry Bombing Range to the City and County of Denver to provide a centralized waste disposal facility to eliminate the practice of unauthorized disposal. From 1965 through 1980, Lowry Landfill served as the principal industrial and municipal waste landfill for the Front Range of Colorado. Lowry Landfill received liquid and solid waste from industrial, municipal and other sources throughout this period. Subsequent to 1980 and until 1990, Lowry Landfill operated only as a solid waste disposal site.

Lowry Landfill is listed on the National Priorities List maintained by EPA pursuant to CERCLA. 40 C.F.R. Part 300 Appendix B (2009). Lowry Landfill was placed on the National Priorities List through publication in the Federal Register on September 21, 1984, 49 Fed. Reg. 37083. Lowry Landfill is National Priorities List site No. COD980499248.

4

The City and County of Denver has owned Lowry Landfill since 1965, and operated Lowry Landfill for many years beginning in 1965. From 1980 to 1990, Lowry Landfill was operated by WMC.

In its remedial investigation for Lowry Landfill, EPA identified many potentially responsible parties, which included the Performing Parties named in this *Consent Decree*, the Beneficiaries, and the other responsible parties identified on Exhibit "A". EPA estimates that more than 138 million gallons of industrial and other wastes were disposed at Lowry Landfill.

EPA's investigation at Lowry Landfill established the presence of hazardous substances in the groundwater, surface water, soils and sediments, and remediation began in the mid-1980s. Cleanup at the site continued under the ROD. Remediation is ongoing at Lowry Landfill today under the active oversight of EPA and the State of Colorado. Operation and maintenance of the remedy at Lowry Landfill are expected to continue for many years. Remedial work and other activities at Lowry Landfill have been, are being, and will be performed by the Performing Parties as required by the 2005 Consent Decree and ROD ("Remedial Work"). EPA has twice performed a Five-year Review (September 28, 2001 supplemented September 30, 2002, and February 7, 2007). In the last Five-year Review, EPA concluded that the remedy is protective of human health and the environment and functioning as intended.

The purpose of the remedy at Lowry Landfill is to protect human health and the environment. The remedy addresses contaminated groundwater by containment and collection at the eastern and northern boundaries of the landfill, and treatment utilizing an onsite treatment plant and offsite Publicly Owned Treatment Works. The groundwater under the landfill mass continues to contain hazardous substances in quantities that exceed drinking water standards established for Colorado.

The Trustees are the Executive Director of the Colorado Department of Public Health and Environment, the Executive Director of the Colorado Department of Natural Resources, and the Colorado Attorney General. The Governor of Colorado designated the Trustees in a letter from Governor Roy Romer to Mr. Robert Stewart of the U.S. Department of the Interior dated July 19, 1990.

The State, acting through the Trustees, notified fourteen entities in 2009 that the State intended to assert Natural Resource Damage claims under CERCLA against those entities. The State told these entities that it intended to recover damages for injuries it alleged to Colorado Natural Resources related to Lowry Landfill. The Performing Parties then entered into discussions with the State concerning this settlement of the State's potential Natural Resource Damages claims against the Performing Parties, and resolution of all potential Natural Resource Damages claims against the Beneficiaries. This *Consent Decree* finally resolves among the State, the Performing Parties, and the Beneficiaries all claims for Natural Resource Damages.

### *III. Settlement*

A. *Parties bound; the State and the Performing Parties.* This *Consent Decree* binds the State, acting in this matter through its Trustees. This *Consent Decree* binds and inures to the benefit of the Performing Parties and their successors.

B. *Jurisdiction and venue.* The Court finds, and the Parties agree, that the Court properly exercises subject matter jurisdiction in this action pursuant to federal question jurisdiction, 28 U.S.C. § 1331 (2009), and CERCLA, 42 U.S. C § 9613(b) (2009). The Court finds, and the Parties further agree, that venue is proper in this Court pursuant to 28 U.S.C. § 9613(b) (2009) because the injuries to Colorado Natural Resources asserted to have taken place occurred within the District of Colorado

For purposes of this litigation only, each Party agrees and consents to this Court's exercise of personal jurisdiction over it. The Parties consent to and support the approval and entry of this *Consent Decree* by the Court. The Parties further agree not to challenge this Court's jurisdiction to enforce this *Consent Decree*.

C. *Full settlement of all claims concerning Natural Resources related to Lowry Landfill.* The Trustees act in this case on behalf of the public as trustees for all Colorado Natural Resources, including supporting ecosystems. The matters addressed in this *Consent Decree* include all claims for Natural Resource Damages.

This *Consent Decree* addresses and (i) settles all claims against the Performing Parties and releases all claims against the responsible parties, including the Beneficiaries, identified on Exhibit "A" (ii) for any claim or liability under CERCLA or other applicable federal or state law or common law for Natural Resource Damages related to Lowry Landfill (iii) that have been brought in this action, could have been brought in this action, or could be brought in the future by the Trustees, (iv) whether now known or unknown.

D. *Payment to the State by the Performing Parties.* The Performing Parties shall pay to the State the sum of $500,000, which shall be used only to establish or supplement an existing revolving loan fund or funds that will provide no- or low-interest loans to households with a demonstrated financial need for the *i.)* repair of private residential sanitary sewer failures, or *ii.* repair of private Individual Sewage Disposal Systems, or *iii.)* establishment of a connection to a metropolitan sewer system to replace a private Individual Sewage Disposal System, for the purpose of improving water quality in areas draining to segments of the South Platte River in Denver and Arapahoe Counties for which the Colorado Water Quality Control Commission has established a Total Maximum Daily Load ("TMDL") for *E. Coli*.

E. Within sixty (60 days) after the Court's entry of this Consent Decree, the Performing Parties shall make an Electronic Funds Transfer, as follows:

| | |
|---|---|
| Account Name: | State of Colorado Operating Account |
| Bank: | JP Morgan Chase Bank, Denver, Colorado |
| Account Type: | Checking |
| Account No. for ACH: | 193489208 |
| ABA Bank No. for ACH: | 102001017 |
| State of Colorado Federal Taxpayer ID Number: | 84-0644739 |

F. *Use of settlement funds.* All monies paid to the State in settlement under this *Consent Decree* are monies recovered by the State through litigation by the State acting as trustee of Colorado Natural Resources pursuant to CERCLA. These monies will be deposited by the State into the Natural Resource Damage Recovery Fund in the Colorado Treasury pursuant to § 25-16-104.7, C.R.S. (2009), to then be transferred to the agency responsible for managing the project described in paragraph D above.

G. *Covenant not to sue and release by the State; Covenants not to sue and releases by the Performing Parties.* The State, acting through the Trustees, releases and covenants not to sue or take administrative action against each and every Performing Party, Beneficiary or other responsible party identified on Exhibit "A" for (i) all claims asserted by the State in the complaint in this matter for the recovery of Natural Resource Damages, (ii) any claims for the recovery of Natural Resource Damages that could have been asserted by the State in its complaint, and (iii) any claims for the recovery of Natural Resource Damages that could be asserted in the future by the State related to the Lowry Landfill, including Natural Resource

Damages claims related to the Remedial Work. This release and covenant not to sue by the State applies to all such claims, whether known or unknown, that could be asserted under federal or state law, including common law.

This *Consent Decree* neither releases nor covenants not to sue Performing Parties for the following claim ("New NRD Claim"): i) damages from injuries to Colorado Natural Resources ii) that have been assessed by the Trustees and result wholly from actions taken, subsequent to the date of entry of this *Consent Decree*, by Performing Parties in violation of the 2005 Consent Decree and ROD ("Violation"), and iii) which Violation is the subject of an enforcement proceeding by EPA before a court or administrative tribunal with jurisdiction over the 2005 Consent Decree and ROD that results in a final, non-appealable determination that the Violation has caused, within the meaning of CERCLA, a release which causes the incurrence of response costs ("Adjudication"). In the event the Adjudication causes the New NRD Claim to be time-barred pursuant to the limitations period set forth in 42 U.S.C. § 9613(g)(1), the Performing Parties agree to toll such limitations period for sixty (60) days from the date of entry of Adjudication.

Each Performing Party covenants not to sue the State, under federal or State law, for any claim concerning injury to, destruction of, or loss of Colorado Natural Resources related to Lowry Landfill. This *Consent Decree* does not release or covenant not to sue any party for claims related to Natural Resource Damages resulting from land use or development activity by the State at Lowry Landfill (i) that takes place in its entirety after the entry of this *Consent Decree*, and (ii) is wholly unrelated to Lowry Landfill's utilization as a site for waste disposal prior to the entry of this *Consent Decree*.

The Performing Parties release and covenant not to sue any of the responsible parties identified on Exhibit "A" for any claim for Natural Resource Damages including but not limited to any claim for contribution for Natural Resource Damages. This release and covenant not to sue any such responsible party(ies) identified on Exhibit "A" is conditioned upon the responsible party(ies) identified on Exhibit "A" (or any successor-in-interest to such responsible party(ies)) not raising a claim for Natural Resource Damages or a claim for contribution relating to Natural Resource Damages against any Performing Party. Notwithstanding anything to the contrary in this Consent Decree, Performing Parties do not release and do not covenant not to sue any party or entity that raises or pursues a claim for Natural Resource Damages, or a claim for contribution for Natural Resource Damages, against any Performing Party.

Notwithstanding any other provision in this *Consent Decree*, the State and the Performing Parties reserve all rights to enforce any rights and obligations set forth in this *Consent Decree*.

Except for the matters specifically addressed by this *Consent Decree*, the Parties reserve all rights against each other and against any other entity.

H. *Effect of settlement and Consent Decree; Contribution protection.* The Court finds, and the Parties acknowledge, that this *Consent Decree* is a judicially approved settlement under Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2). As a result, neither the Performing Parties nor the Beneficiaries shall be liable for any claim for contribution regarding the matters resolved by this *Consent Decree*.

The matters addressed in this Consent Decree include all claims for Natural Resource Damages.

The contribution protection afforded by this *Consent Decree* extends to claims under CERCLA and any other federal or state law, including common law. The contribution protection afforded by this *Consent Decree* begins when this *Consent Decree* is approved and entered by the Court.

Except as otherwise provided herein, a) nothing in this *Consent Decree* creates any rights, claims, or causes of action in any entity or person not a party to this Consent Decree; and b) the State and the Performing Parties retain and reserve any and all other rights (including but not limited to any right to contribution), defenses, claims, and demands.

I. *No admission of liability.* No Performing Party admits any liability under federal, State, or common law, and no Party admits any fact concerning the matters addressed in the complaint and this *Consent Decree*. The Court has adjudicated no liability in this case. This *Consent Decree* and the actions described herein are agreed to and undertaken by the Parties solely to settle this litigation, and this *Consent Decree* shall not be used for any other purpose.

J. *Lodging of Consent Decree and opportunity for public comment.* This *Consent Decree* will be lodged with the Court to allow a period for public notice of this settlement and public comment. Public notice of this *Consent Decree* will be given by the State in the *Colorado Register* and on the websites of the Colorado Department of Public Health and Environment, the Colorado Office of the Attorney General and the Colorado Department of Natural Resources. Comments concerning this *Consent Decree* will be accepted by the State for a period of 30 days. All comments received by the State will be filed with the Court for its consideration along with a Motion for Approval and Entry of the *Consent Decree*.

The State and the Performing Parties reserve the right to alter this *Consent Decree*, or to withdraw from the settlement embodied in this *Consent Decree*, following consideration of public comment.

If the Court declines to approve this *Consent Decree* or the Generator Consent Decree in the form filed with the Court for approval, and absent the agreement of all Parties to the alteration of their settlement embodied in this *Consent Decree* as filed with the Court, the settlement it embodies shall be entirely null and void. In the event the settlement embodied in this *Consent Decree* becomes null and void, this *Consent Decree* shall be used for no purpose related to Lowry Landfill or otherwise, and shall not be admissible or used against any of the Performing Parties, Beneficiaries or the State in any proceeding.

K. *Notices.* Any notices presented to the State or the Performing Parties pursuant to this *Consent Decree* shall be sent by mail, facsimile or electronic mail to the following:

For the State of Colorado:

Deputy Assistant Attorney General, Natural Resources
Office of the Attorney General
1525 Sherman Street
Denver, CO 80203
Casey.Shpall@state.co.us

For Waste Management of Colorado, Inc. and Chemical Waste Management, Inc.:

Steven D. Richtel
Group Director
2400 West Union Avenue
Englewood, CO 80110
srichtel@wm.com

With a copy to:
General Counsel
Waste Management
1001 Fannin Street
Suite 4000
Houston, TX 77002

12

For the City and County of Denver:

Project Coordinator
Lowry Landfill Superfund Site
City and County of Denver
Department of Environmental Health
Environmental Services Division
200 W. 14th, Dept. 310
Denver, CO 80204
Dave.Wilmoth@denvergov.org


With a copy to:
Denver City Attorney
1437 Bannock Street, Suite 353
Denver, CO 80202

and

Jacqueline H. Berardini
T. Shaun Sullivan
Assistant City Attorneys
201 W. Colfax Ave. Dept. 1207
Denver, CO 80202
Jacqueline.Berardini@denvergov.org
Shaun.Sullivan@denvergov.org

L. *Service.* Performing Parties hereby agree to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure. Performing Parties need not file an answer to the complaint in this action unless or until otherwise agreed among the Parties or ordered by this Court.

M. *Final judgment.* Upon approval and entry by the Court, this *Consent Decree* constitutes the complete, final and exclusive agreement among the Parties concerning Natural Resource Damages related to Lowry Landfill, and constitutes the Court's final judgment. The Court finds no reason for delay and therefore directs the immediate entry of this judgment.

N. *Integration.* This *Consent Decree* embodies the final, complete and exclusive settlement agreement and understanding among the Parties. There are no other representations, agreements or understandings among the Parties concerning the settlement of this case.

O. *Authority to enter settlement agreement; Counterparts.* The State and each Performing Party represents that each individual signing this *Consent Decree* on a party's behalf is authorized to enter into this settlement agreement. The State and the Performing Parties may execute this *Consent Decree* in counterparts, as well as by facsimile signature or signature transmitted electronically.

SO ORDERED THIS 25 DAY OF October 2010.

BY THE COURT

John L. Kane
United States District Judge

The undersigned party enters into the *Performing Parties Consent Decree — Colorado Natural Resources at Lowry Landfill* in the matter of *State of Colorado v. The City and County of Denver, Waste Management of Colorado, Inc., and Chemical Waste Management, Inc., et al.*, relating to the Lowry Landfill.

FOR THE STATE OF COLORADO, BY THE COLORADO NATURAL RESOURCE TRUSTEES

Date: _____

_____
John Suthers, Colorado Attorney General

Date: _____

_____
Martha Rudolph, Executive Director, Colorado Department of Public Health and Environment

Date: _____

_____
Mike King, Executive Director, Colorado Department of Natural Resources

The undersigned party enters into the *Performing Parties Consent Decree — Colorado Natural Resources at Lowry Landfill* in the matter of *State of Colorado v. The City and County of Denver, Waste Management of Colorado, Inc., and Chemical Waste Management, Inc., et al.*, relating to the Lowry Landfill.

FOR THE STATE OF COLORADO, BY THE COLORADO NATURAL RESOURCE TRUSTEES

Date: 8/9/2010

John Suthers, Colorado Attorney General

Date: _____

Martha Rudolph, Executive Director, Colorado Department of Public Health and Environment

Date: _____

Mike King, Executive Director, Colorado Department of Natural Resources

The undersigned party enters into the *Performing Parties Consent Decree — Colorado Natural Resources at Lowry Landfill* in the matter of *State of Colorado v. The City and County of Denver, Waste Management of Colorado, Inc., and Chemical Waste Management, Inc., et al.*, relating to the Lowry Landfill.

FOR THE STATE OF COLORADO, BY THE COLORADO NATURAL RESOURCE TRUSTEES

Date: _____        _____
                                     John Suthers, Colorado Attorney General


Date: _____        *Martha E Rudolph*
                                     _____
                                     Martha Rudolph, Executive Director, Colorado
                                     Department of Public Health and Environment


Date: _____        _____
                                     Mike King, Executive Director, Colorado
                                     Department of Natural Resources

The undersigned party enters into the *Performing Parties Consent Decree — Colorado Natural Resources at Lowry Landfill* in the matter of *State of Colorado v. The City and County of Denver, Waste Management of Colorado, Inc., and Chemical Waste Management, Inc., et al.*, relating to the Lowry Landfill.

FOR THE STATE OF COLORADO, BY THE COLORADO NATURAL RESOURCE TRUSTEES

Date: _____

John Suthers, Colorado Attorney General

Date: _____

Martha Rudolph, Executive Director, Colorado Department of Public Health and Environment

Date: 8/10/10

Mike King, Executive Director, Colorado Department of Natural Resources

15

The undersigned party enters into the *Performing Parties Consent Decree — Colorado Natural Resources at Lowry Landfill* in the matter of *State of Colorado v. The City and County of Denver, Waste Management of Colorado, Inc., and Chemical Waste Management, Inc., et al.*, relating to the Lowry Landfill.

FOR WASTE MANAGEMENT OF COLORADO, INC. AND CHEMICAL WASTE MANAGEMENT, INC.:

Date: 8/10/2010

Steven D. Richtel
Group Director

FOR THE CITY AND COUNTY OF DENVER:

Date: 8/12/2010

Manager, Department of
Environmental Health

DAVID R. FINE
CITY ATTORNEY
CITY AND COUNTY OF DENVER

Date: 8/12/2010

Jacqueline H. Berardini
T. Shaun Sullivan
ATTORNEYS FOR THE CITY
AND COUNTY OF DENVER

16